# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KURT J. SHOTKO,** | : | No. 3:08cv626 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| V. | : | |
| | : | |
| **THE CITY OF WILKES-BARRE, PENNSYLVANIA,** | : | |
| **GERRY DESSOYE,** | : | |
| **THOMAS LEIGHTON, Mayor,** | : | |
| **JOHN J. MURPHY, City Administrator,** | : | |
| **THE POLICE DEPARTMENT OF THE CITY OF WILKES-BARRE,** | : | |
| **CAPTAIN DONALD CRANE,** | : | |
| **OFFICER ALBERT RODRIGUEZ,** | : | |
| **OFFICER DWAYNE PRICE,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' motion to dismiss the instant complaint. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out plaintiff's March 10, 2005 arrest during the St. Patrick's Day Parade held in Wilkes-Barre, Pennsylvania. (Complaint (hereinafter "Complt.") (Doc. 1) at ¶ 2). On that day, plaintiff arrived at the scene of the Wilkes-Barre parade and proceeded to protest peacefully the policies of then-president George W. Bush. (Id. at ¶ 2, p. 3, ¶ 1). When plaintiff first encountered Captain Donald Crane

of the Wilkes-Barre Police, Crane gave him a "thumbs up" sign but ordered plaintiff to keep moving along the sidewalk. (Id. at p. 3, ¶ 1). Crane informed plaintiff that if he failed to keep moving he would violate the law by obstructing a sidewalk. (Id.).

Defendant John J. Murhpy soon approached plaintiff to demand that he stop walking along the sidewalk towards the parade reviewing stand. (Id. at p. 3, ¶ 2). When plaintiff demanded that Murphy explain his authority to prohibit plaintiff from walking along the sidewalk, Murphy refused and instead made a cell phone call, simultaneously refusing to allow the plaintiff to continue on his walk. (Id.).

About one minute later, Defendants Police Officer Al Rodriguez and Police Officer Dwayne Price appeared on the scene. (Id. at p. 3, ¶ 3). Instead of discussing the situation with the plaintiff, the two officers pushed the plaintiff to the ground, breaking the sign he was carrying. (Id.). Officer Price then pushed plaintiff into a large glass window, even as plaintiff shouted "I am not resisting you." (Id. at p. 3 ¶ 4). The officers then took plaintiff to the station, "for processing and harassment," and then released him. (Id.). The police report apparently indicated that plaintiff "was carrying signs critical of the Bush administration" when arrested. (Id. at p. 3, ¶ 5).

Plaintiff filed the instant *pro se* complaint and motion to proceed *in forma pauperis* on April 7, 2008. The complaint does not set out specific causes of action, but alleges that defendants "engaged in content and viewpoint discrimination by placing plaintiff under false arrest." (Id. at ¶ 2). Plaintiff contends that this action

violated his First Amendment rights. His complaint seeks a permanent injunction barring the City of Wilkes-Barre from arresting peaceful protestors and compensatory and punitive damages.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

When analyzing a 12(b)(6) motion to dismiss, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-666 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). The complaint is properly dismissed "if it appears

3

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Discussion**

Defendants raise several grounds for dismissing the complaint. The court will address each in turn, as appropriate. As an initial matter, the court concludes that the complaint attempts to state a claim pursuant to 42 U.S.C. § 1983 for a violation of plaintiff's First Amendment rights, as well as a claim for false arrest and malicious prosecution. Because the plaintiff is proceeding *pro se*, the court has read the complaint broadly in an attempt to do substantial justice.

    **a. Statute of Limitations**

        **i. First Amendment claims**

The defendants contend that plaintiff's claims pursuant to the First Amendment are barred by the statute of limitations. Plaintiff responds that the statute of limitations did not begin to run until the city filed criminal paperwork, and that such filing did not occur until July 20, 2006. His complaint, was therefore filed within the statute of limitations.

The court agrees with the defendants. No formal statute of limitations exists under Section 1983, the statute under which plaintiff brings his claims. "[A]ctions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." O'Connor v. City of

4

Newark, 440 F.3d 125, 126 (3d Cir. 2006). Pennsylvania law requires that the plaintiff commence his action within two years of his injury. See 42 Pa. CONS. STAT. ANN. §5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct"). Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing "when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct." Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. Ct. 1984).

Here, to the extent that plaintiff brings First Amendment claims based on Wilkes-Barre official's attempt to suppress his speech or to retaliate against that speech, the statute of limitations began to run on the day that police arrested plaintiff. Accepting plaintiff's allegations as true, on that day plaintiff knew that he had been beaten and taken into custody because of his speech, and that Wilkes-Barre police and city officials were the parties that caused his arrest. Since the injury that plaintiff claims is suppression of his right to speech by Wilkes-Barre officials, plaintiff knew of his injury and the conduct that caused it on March 10, 2005.[1] He did not file his complaint until April, 2008, more than two years after the claim accrued. The court will grant the motion to dismiss as it relates to plaintiff's

---

[1] In his brief, plaintiff contends that the arrest actually took place on March 13, 2005. In any case, the statute of limitations had run when he filed his complaint.

5

free-speech claims.

### b. Claims not barred by the statute of limitations

#### i. False Arrest

Plaintiff also brings false arrest claims based on the altercation at the St. Patrick's Day parade. Courts have found that "[t]he proper inquiry in a section 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested committed the offense, but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Here, plaintiff was tried and convicted on the charges for which he was arrested, and the Pennsylvania courts have upheld plaintiff's conviction on three of four counts. "[I]n analyzing false arrest claims, a court to insulate a defendant from liability need only find that 'probable cause . . . exist[ed] as to any offense that could be charged under the circumstances.'" Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007) (quoting Barna v. City of Perth Amboy, 42 F.3d 819 (3d Cir. 1994)). Plaintiff therefore cannot prevail on this claim. The court will grant the motion to dismiss on this point.[2]

---

[2] In any case, the court finds that probable cause existed for plaintiff's arrest on disorderly conduct. An arrest is reasonable when, under the totality of the circumstances, "the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." Graham v. O'Connor, 490 U.S. 386, 397 (1989). Plaintiff was arrested while disrupting a parade, and a reasonable police officer could have concluded that plaintiff had committed disorderly conduct, since he "engage[d] in fighting or threatening, or in violent or tumultuous behavior; (2) [made] unreasonable noise; (3) use[d] obscene language, or [made] an obscene gesture; or (4) create[d] a hazardous or physically offensive condition by an act which serves no legitimate purpose of the actor." 18 Pa. C.S.A. § 5503(a). The Pennsylvania

6

### ii. Malicious Prosecution Claims

Plaintiff also apparently intends to bring malicious prosecution claims based on his prosecution for disorderly conduct. The court takes judicial notice of several court documents attached to the defendants' motion to dismiss. Plaintiff initially challenged his conviction on four counts of disorderly conduct and one count of resisting arrest to the Court of Common Pleas of Luzerene County. (See Exh. B to Defendants' Motion to Dismiss (Doc. 10)). On April 26, 2007, the court upheld the jury's verdict. (Id. at 13). Plaintiff then appealed this decision to the Pennsylvania Superior Court, which on August 22, 2008 upheld plaintiff's conviction on three counts of disorderly conduct and reversed the conviction on one count. (See Exh. C to Defendants' Motion to Dismiss (Doc. 10) at 22). Plaintiff then on August 22, 2008 filed a petition in the Pennsylvania Supreme Court for review of this decision. (See Exh. D to Defendants' Motion to Dismiss (Doc. 10)). On February 18, 2009 the Pennsylvania Supreme Court denied plaintiff's petition for allowance to appeal. See Commonwealth v. Shotko, 2009 Pa. Lexis 278 (Pa. 2009). Plaintiff's conviction therefore became final on that date.

A plaintiff seeking to prove a malicious prosecution claim under Section 1983 must demonstrate that: "(1) the defendant initiate[d] a criminal proceeding; (2) *which*

---

Superior Court upheld plaintiff's conviction on all but Section (a)(3) of this statute, concluding that the language he used, while offensive, was not obscene. Still, obscenity is notoriously difficult to define, and a reasonable police officer could have decided that the language plaintiff used ("fuck") is offensive.

7

*end[ed] in plaintiff's favor*; (3) which was initiated without probable cause; and (4) the defendant act[ed] maliciously or for a purpose other than bringing the defendant to justice." Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989) (emphasis in original).[3] Unlike plaintiff's false arrest claims, the probable cause that existed on the counts for which plaintiff was convicted do not necessarily prevent plaintiff from claiming malicious prosecution on the charge for which his conviction was reversed. See Johnson, 477 F.3d at 85 (holding that "a cause of action for malicious prosecution may be based on the prosecution of more than one charge, and the validity of the prosecution for each charge comes into question inasmuch as the plaintiff was subject to prosecution on each individual charge.").

The trial court found plaintiff guilty on the three counts of disorderly conduct and one count of resisting arrest for which he was charged. On appeal, in the Pennsylvania Superior Court the plaintiff argued that the evidence was insufficient to support his convictions for disorderly conduct. The Superior Court upheld two of

---

[3] The defendants, citing Kokinda v. Breiner, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008), argue that the court should apply five elements in this analysis. In addition to the four elements outlined above, the defendant argues that the court should also consider whether "as a consequence of the proceeding, the plaintiff suffered a deprivation of liberty consistent with the concept of seizure." Id. The case law referred to in Kokinda, however, references claims brought pursuant to the Fourth Amendment's prohibition on unreasonable search and seizure. Here, because plaintiff's claim arises in the context of a political protest and his arrest came during a protest march, the court assumes that plaintiff brings his malicious prosecution claim pursuant to the First Amendment. Courts have found that "[t]he deprivation of liberty requirement is applicable where the malicious prosecution claim is under the Fourth Amendment. But a constitutional malicious prosecution claim might be brought raising a First Amendment claim and not implicate liberty issues." Johnson v. Knorr, 477 F.3d 75, 82 n.8 (3d Cir. 2007).

8

plaintiff's disorderly conduct convictions and reversed one of them. (See Exh. C to (Doc. 10-4) (hereinafter "Superior Ct. Dec."). Plaintiff could therefore perhaps bring a claim for malicious prosecution based on the malicious prosecution charge for which his conviction was reversed. The court found the evidence insufficient to support a conviction under 18 Pa. C.S. § 5503(a)(3), which makes a person guilty of disorderly conduct if he, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . uses obscene language, or makes an obscene gesture." 18 Pa. C.S. § 5503(a)(3). The basis of plaintiff's conviction was that he had responded to an officer's order to move to the back of the crowd with the words "fuck off." (Superior Ct. Dec. at 10). The court applied the three-part test articulated by the United States Supreme Court in Miller v. California, 413 U.S. 15 (1973), to determine whether the language plaintiff used was obscene.[4] (Id.). The court found that plaintiff's phrase was an "angry response," not a sexual reference; it was thus not designed to appeal to prurient interest and not obscene. (Id. at 11-12).

The court must here determine whether probable cause existed to charge plaintiff with disorderly conduct based on the language he used. "Probable cause means 'facts and circumstances . . . that are sufficient to warrant a prudent person,

---

[4]The court described the test as follows: "(a) whether the 'average person, applying contemporary community standards' would find the work, taken as a whole, appeals to the prurient interest, (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, *and* (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value." (Super. Ct. Dec. at 10) (quoting Miller v. California, 413 U.S. 15, 24 (1973)).

9

or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 363 (3d Cir. 2003) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). The question here is whether a reasonable person would have believed that plaintiff violated Section (a)(3) of the disorderly conduct law when he told a police officer to "fuck off." The Superior Court's reversal of plaintiff's conviction turned on whether the phrase "fuck off" could be considered obscene or simply offensive. That decision came after a careful examination of the circumstances of plaintiff's speech and its relation to Supreme Court precedent, and turned on whether plaintiff referred to a sex act when he spoke. The court notes that deciding whether an expression is obscene is difficult, even for persons well versed in the nuances of First Amendment law. See Miller v. California, 413 U.S. 15, 29 (1973) (noting that the test laid out in that case for defining obscenity "may not be an easy road, free from difficulty. But no amount of 'fatigue' should lead us to adopt a convenient 'institutional' rationale–an absolutist, 'anything goes' view of the First Amendment–because it will lighten our burdens."). Here, the phrase used by the plaintiff was one that many reasonable persons would find offensive and obscene–as the jury in plaintiff's case apparently did–notwithstanding the Supreme Court's jurisprudence on obscenity. Probable cause therefore existed for bringing the charges against the plaintiff and the court will the motion to dismiss on this

point.[5]

### c. State Law Claims

Defendants also ask the court to dismiss plaintiff's claims brought pursuant to Pennsylvania law. Here, the court has dismissed all of plaintiff's federal claims and therefore lacks jurisdiction to hear claims brought pursuant to state law. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Because this is a court of limited jurisdiction, the court will decline to decide those claims and dismiss the case.

**Conclusion**

For the reasons stated above, the court will grant the defendants' motion to dismiss all of plaintiff's federal claims and decline to address those claims brought pursuant to state law. An appropriate order follows.

---

[5] The individual defendants argue that they are either immune from suit in this instance or cannot be liable because no policy or custom implicates any policymakers in this instance. Because the court has found that plaintiff could not make out a claim that his constitutional rights were violated on any grounds, discussion of these arguments is unnecessary.

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURT J. SHOTKO, | : | No. 3:08cv626 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| V. | : | |
| | : | |
| THE CITY OF WILKES-BARRE, | : | |
| PENNSYLVANIA, | : | |
| GERRY DESSOYE, | : | |
| THOMAS LEIGHTON, Mayor, | : | |
| JOHN J. MURPHY, City | : | |
| Administrator, | : | |
| THE POLICE DEPARTMENT OF THE | : | |
| CITY OF WILKES-BARRE, | : | |
| CAPTAIN DONALD CRANE, | : | |
| OFFICER ALBERT RODRIGUEZ, | : | |
| OFFICER DWAYNE PRICE, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 11th day of May 2009, the defendants' motion to dismiss plaintiff's complaint (Doc 10) is hereby **GRANTED**. The Clerk of Court is directed to **CLOSE** the case.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**